67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter ORDENANA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70130.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 29, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Ordenana, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying his requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a) and deny the petition for review.
 
 
 3
 We review for abuse of discretion the BIA's denial of asylum, and for substantial evidence the decision to deny the withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995). We will uphold the BIA's decision unless an alien demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 To establish eligibility for asylum, Ordenana must show that he has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158, 1101(a)(42); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Ordenana must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective component requires a showing by 'credible, direct, and specific evidence of facts showing a reasonable fear of persecution' " on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (quoting Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994)).
 
 
 5
 Ordenana contends the BIA's decision that he failed to establish past persecution or a well founded fear of persecution is not supported by substantial evidence. Ordenana claims past persecution and fear of future persecution because: (1) his grandfather was a member of the Somoza regime; (2) members of the popular Sandanista party or the Committee for the Defense of the Sandanistas ("CDS") would come search their house at night, claiming that his mother was hiding contra revolutionaries; (3) he was harassed and threatened by Sandanista youth because of his refusal to join their group and his affiliation with a Catholic youth group; (4) he was arrested by the military in May, 1988, and detained for three days, during which time he was denied food and sleep, and interrogated about his affiliation with the Catholic group and his refusal to join the Sandanistas; and (5) his grandfather informed him that Sandanista youth came to his house asking when he was going to return to Nicaragua.
 
 
 6
 Here, substantial evidence supports the BIA's determination that Ordenana's treatment by the Sandanistas did not rise to the level of persecution. See Ubau-Marenco v. INS, slip. op. 11049, 11059 (9th Cir. Sept. 5, 1995). Ordenana's claim that he was harassed because of his participation in the Catholic youth group and refusal to join the Sandanista youth group is unsubstantiated speculation. See id. Furthermore, Ordenana's 1988 detention and interrogation in which he was not beaten, harmed or threatened, does not establish a legally sufficient claim of persecution. See Prasad, 47 F.3d at 339; Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987). Given the evidence presented, we cannot say that "a reasonable factfinder would be compelled to conclude that [Ordenana] was subject to persecution." See Prasad, 47 F.3d at 339.
 
 
 7
 Moreover, while Ordenana may have a subjective fear of persecution upon his return to Nicaragua, he did not present specific evidence to support an objectively reasonable, well-founded fear of persecution. See Prasad, 47 F.3d at 339; Kazlauskas, 46 F.3d at 906. First, the BIA found that there is no likelihood that Ordenana would face persecution from the Sandanistas because the Sandanista government was voted out of office in 1990, and thus participation in Sandanista organizations and events is no longer required. See Kazlauskas, 46 F.3d at 906 n. 3 (holding that fundamental political changes are highly relevant to the likelihood of future persecution). Second, Ordenana's assertion that "the Sandanistas have more power than ever" is insufficient to show that he would be subject to "particularized individual persecution"apart from the general population. See Prasad, 47 F.3d at 340; Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991). Third, the BIA noted that Ordenana's grandfather, who continues to reside in Nicaragua, has not been subject to persecution despite his former membership in the Somoza regime. See id. at 339; Mendez-Efrain, 813 F.2d at 283. Accordingly, we conclude that the BIA did not abuse its discretion by affirming the IJ's denial of asylum. See Kazlauskas, 46 F.3d at 905.
 
 
 8
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Ordenana has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340; Acewicz, 984 F.2d at 1062.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3